CITY OF WORTHINGTON, APPELLEE, *v.* OGILBY, APPELLANT.

(No. 82AP-145—Decided September 2, 1982.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Phillip D. Cameron,* for appellant.

COOK, J. On the evening of January 21, 1981, and the early morning hours of January 22, 1981, appellant, W. Stewart Ogilby, was a patron at the Whaling Station Restaurant in Worthington, Ohio. While there, a dispute arose between appellant and the bartender over possession of appellant's credit card, which he was using to pay for his drinks. As a result of said dispute, appellant and the manager of the restaurant also got into an argument. After resolving the problem with the credit card, the manager told the bartender not to serve appellant another drink. Later, when he was refused a drink, appellant and the manager again engaged in an argument during which the manager told appellant to leave the premises, but appellant refused to do so until he had finished his drink. The Worthington police arrived on the scene a short time later and, after asking appellant to leave, which he refused to do until he finished his drink, they placed him under arrest for disorderly conduct in violation of Ordinance 509.03(b)(1) of the city of Worthington.

Subsequently, appellant was convicted of disorderly conduct and fined $35 in the Franklin County Municipal Court.

Appellant has appealed the judgment of the trial court and has filed the following six assignments of error:

"1. The trial court erred in finding the appellant guilty against the manifest weight of the evidence.

"2. The trial court erred in allowing the prosecution to reopen its case after it had rested.

"3. The trial court erred in overruling the appellant's motion to dismiss because the affidavit was defective on its face.

"4. The trial court erred by denying the appellant a speedy trial and hearing in violation of Ohio Revised Code 2945.71.

"5. The trial court erred by denying the appellant a speedy trial in violation of Section 10 [, Article I] of the Ohio Constitution.

"6. The trial court erred in permitting the Prosecutor to appear before him ex parte and to enter a decision of the court in chambers outside the presence of the appellant's attorney."

The assigned errors are without merit.

Appellant first contends that the judgment was against the manifest weight of the evidence.

Ordinance 509.03(b)(1) of the city of Worthington reads as follows:

"(b) No person, while voluntarily intoxicated shall do either of the following:

"(1) In a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance or alarm to persons of ordinary sensibilities, which conduct the offender, if he were not intoxicated, should know is likely to have such effect on others."

In the instant cause, there was evidence before the trial court that appellant was intoxicated and that he had gotten into an argument with the bartender during which appellant became boisterous, loud, and profane. He continued the argument with the manager. Later, he and the manager renewed their argument after appellant was not served another drink. Appellant called the manager a "jerk" and the manager ordered him to leave. Appellant refused and told the manager that he would have to physically make him leave.

Such conduct by appellant constituted disorderly conduct within the meaning of Ordinance 509.03(b)(1).

The judgment of the trial court was not against the manifest weight of the evidence.

Appellant next contends that the trial court erred in permitting the prosecution to reopen its case after it had been presented, and the prosecution had rested.

After calling its second witness, the prosecution announced that it rested its case. However, after a conversation with the court and with counsel for appellant, the prosecution, in effect, withdrew its statement that it rested and said it would do so after the noon recess if it could not locate an out-of-town witness. While the record indicates that the court actually suggested such a procedure, the record also indicates that the prosecution adopted the idea as its own.

Assuming, *arguendo*, such action by the prosecutor constituted a "reopening" of its case, the trial court did not abuse its discretion in permitting the prosecution to do so. In *Columbus* v. *Grant* (1981), 1 Ohio App. 3d 96, this court held that it is not an abuse of discretion for a trial court to permit the prosecution to reopen its case-in-chief at the close of all the evidence and the commencement of closing arguments. In the instant cause, the prosecution "reopened" its case-in-chief before the defense presented any evidence.

In his third assignment of error, appellant argues that the trial court erred in ruling on his motion to dismiss the affidavit of the patrolman, William Gobert, after taking evidence and finding him guilty as charged.

This assignment of error is not demonstrated by the record. Appellant filed identical motions to dismiss the affidavit on March 23, 1981, and on April 8, 1981. The trial court overruled appellant's motion to dismiss on May 12, 1981, the same day it found appellant guilty, according to the record.

Appellant has failed to demonstrate from the record that the trial court ruled on the motion after it heard the evidence and found appellant guilty. We presume the regularity of the proceedings in the court below.

Appellant's fourth and fifth assign-

ments of error maintain that he was denied his statutory and constitutional rights to a speedy trial.

The record before this court indicates that appellant filed no motion in the trial court to be discharged for lack of a statutory or constitutional speedy trial.

Appellant cannot, for the first time, raise the issue of denial of a speedy trial in this court.

In his last assignment of error, appellant alleges that the trial court erred in permitting the prosecutor to appear before him *ex parte* and to enter a decision of the court in chambers outside the presence of his attorney.

Again, the record before this court does not demonstrate the alleged error. We again presume the regularity of the proceedings in the court below.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.