### State v. Baldauf
*[Cite as 2 AOA 150]*

*Case No. 15-88-9*
*Van Wert County, (3rd)*
*Decided March 30, 1990*

*6th Amend. U.S. Const.*
*R.C. 4507.02.1*
*R.C. 4511.21*
*R.C. 4511.99*

*Mr. Michael E. Dugan, Attorney at Law, 138 W. High St., Lima, OH 45801, For Appellant.*

*Mr. Michael w. Kirkendall, City Law Director, 109 W. Main St., Van Wert, OH 45891, For Appellee.*

EVANS, J.

This is an appeal from a judgment of the Municipal Court of Van Wert sentencing appellant, Terry J. Baldauf, upon his conviction for operating a motor vehicle in excess of the speed limit, in violation of R.C. 4511.21(D).

On April 24, 1988, appellant was driving westbound on State Route 81 in Van Wert County. Appellant's vehicle was clocked by radar as travelling 88 miles per hour, 33 miles per hour in excess of the posted speed limit. Appellant was stopped and issued a citation for violation of R.C. 4511.21(D).

Appellant was arraigned on May 2, 1988, at which time he waived his right to counsel and entered a plea of no contest. The court found appellant guilty of violating R.C. 4511.21(D), operating a motor vehicle in excess of the speed limit. In sentencing appellant the court noted that appellant had two prior convictions, both of which had occurred within one year of the offense at issue herein. On September 4, 1987, appellant was cited for failure to maintain control, in violation of R.C. 4511.202. On November 4, 1987, appellant was cited for failing to obey traffic signal or device, in violation of the Village of Mendon Ordinance, Section 331.19. Appellant waived his right to counsel in one of the prior convictions and forfeited bond in the other. Therefore, appellant was not required to appear before a court for either of these two offenses. Taking these two prior violations into consideration, the court assessed twelve points to appellant's license, fined him $400 and, sentenced him to thirty days in jail, 18 of which

are suspended, another 10 of which were suspended conditionally upon appellant completing 40 hours of community service, and placed appellant on probation for a term of one year.

On May 11, 1988, with leave of the court, appellant withdrew his plea of no contest and entered a plea of not guilty. Trial was scheduled for June 16, 1988. At trial, through counsel, appellant modified his plea again to no contest. By judgment entry dated July 28, 1988, the trial court found appellant guilty and reinstated the earlier sentence.

It is from this judgment that appellant appeals submitting three assignments of error as follows:

### I.
PRIOR UNCOUNSELED MISDEMEANOR CONVICTIONS CANNOT BE USED TO ENHANCE A SUBSEQUENT VIOLATION OF R.C. 4511.01 TO 4511.76.

### II.
A FIRST VIOLATION OF R.C. 4511.21 CANNOT BE ASSESSED 12 POINTS.

### III.
WHEN A PERSON IS CHARGED WITH A MINOR MISDEMEANOR HE MUST BE BROUGHT TO TRIAL WITHIN 30 DAYS AS REQUIRED BY R.C. 2945.71(A).

Appellant advances two arguments in support of his first assignment of error. First, appellant argues that a prior uncounseled misdemeanor conviction cannot be used to enhance a subsequent misdemeanor conviction to a higher degree, when the sentence imposed by the court results in imprisonment.

Appellant argues that the United States Supreme Court's *per curiam* opinion in *Baldasar* v. *Illinois* (1980), 446 U.S. 222, is controlling on this point. See also *Scott* v. *Illinois* (1979), 440 U.S. 367.

In *Scott, supra* at 373, 374, the court stated that:

"* * * actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has afforded him the right to assistance of appointed counsel in his defense."

In *Baldasar, supra*, the United States Supreme Court held that:

"[a] prior uncounseled misdemeanor conviction could not be used under Illinois' enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term". In their concurring opinion at 225, 229, Justices Marshall, Brennan and Stevens reasoned that:

"An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat offender statute." Therefore, they concluded that:

"* * * a rule that held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, would be an illogical and unworkable deviation from our previous cases."

In *State* v. *Gerwin* (1982), 69 Ohio St. 2d 488 (syllabus), the Ohio Supreme Court, applying *Scott* and *Baldasar*, considered a similar issue in holding that:

"[a]n uncounseled misdemeanor conviction for theft may be used under the enhancement provision of R.C. 2913.02(B) to convert the subsequent misdemeanor into a felony when no actual imprisonment results."

In *Gerwin*, the defendant had been convicted of a prior theft offense. Therefore, upon committing a subsequent theft defendant was convicted of grand theft.

Upon reviewing the relevant United States Supreme Court cases the Ohio Supreme Court concluded that it was not necessary for defendant to have been represented by counsel at the prior misdemeanor proceedings. First, defendant was not imprisoned but fined, thus, counsel was not required. Second, the record did not indicate indigency or any financial troubles rendering defendant unable to have obtained counsel in the prior proceedings. Therefore, the uncounseled misdemeanor conviction was valid under *Scott*. Furthermore, it was valid for converting the subsequent misdemeanor into a felony, so long as no actual imprisonment resulted.

An uncounseled misdemeanor conviction is constitutionally valid where the offender is not sentenced to a term of imprisonment. However, while such a conviction is perfectly valid in and of itself, it is not valid for collateral use in enhancing a subsequent misdemeanor to a higher degree of crime when imprisonment is imposed as the punishment. The critical point upon which these cases have turned is that of imprisonment.

In the case *sub judice*, among other penalties, appellant was sentenced to thirty (30) days imprisonment, 18 days of which were suspended, and 10 days of which were conditionally suspended upon appellant completing 40 hours of community service.

Thus, at a minimum appellant was sentenced to serve 2 days in jail.

Appellant's prior misdemeanor did not result in imprisonment and the record does not indicate that appellant was indigent or financially unable to obtain counsel. In fact, appellant waived his right to counsel in one of the prior convictions and forfeited bond in the other. Additionally, appellant had no right to court appointed counsel in those prior proceedings because his convicted did not result in imprisonment. Therefore, we conclude that appellant's prior convictions were constitutionally valid under *Scott*. However, in the subsequent conviction, unlike the defendant in *Gerwin*, appellant was sentenced to thirty (30) days imprisonment of which a minimum of two days must be served.

Therefore, based upon the authority and reasoning of *Gerwin*, we find that appellant's prior misdemeanor conviction may not be used collaterally to enhance his subsequent conviction to a higher degree where such enhanced crime is punished by imprisonment.

Appellant's second argument contends that the second offenses under R.C. 4511.01 to 4511.76 within a year is a misdemeanor of the fourth degree but cannot be enhanced by a violation of a village ordinance. Among appellant's two prior moving violations, one was that of failing to obey a traffic signal or device, in violation of the Village of Mendon Ordinance, Section 331.19. Appellant argues that this violation cannot be considered for the purpose of the enhancement of a subsequent offense pursuant to R.C. 4511.99(D).

R.C. 4511.99(D) provides as follows:

"(D) *Whoever violates sections 4511.01 to 4511.76 or section 4511.84 of the Revised Code*, for which no penalty is otherwise provided in this section, is guilty of a minor misdemeanor on a first offense; on a second offense within one year after the first offense, such person is guilty of a misdemeanor of the fourth degree; on each subsequent offense within one year the first offense, such person is guilty of a misdemeanor of the third degree. When any person is found guilty of a first offense for a violation of section 4511.21 of the Revised Code upon a finding that he operated a motor vehicle faster than thirty-five miles an hour in a business district of a municipal corporation, or faster than fifty-five miles an hour in other portions, or faster than thirty-five miles an hour while passing through a school zone during recess or while children are going to or leaving school during the opening or closing hours, such person is guilty of a misdemeanor of the fourth degree." (Emphasis added.)

R.C. 4511.99 provides the penalties generally for those provisions of Chapter 45 of the Revised Code for which no penalty is otherwise provided. R.C. 4511.99(A) provides the penalties for those convicted of operating a motor vehicle while under the influence of alcohol. We note specifically the language defining the scope of the section as follows:

"(1) If within five years of the offense, the offender has not been convicted of or pleaded guilty to a violation of section 4511.19 of the Revised Code, *of a municipal ordinance relating to * * *.* "

This language expressly mandates the court's considerations of prior violations of the Revised Code or a municipal ordinance. Conversely, the scope of R.C. 4511.99(D) only in terms of "[w]hoever violates sections 4511.01 to 4511.84 of the Revised Code * * *".

R.C. 2901.04(A) mandates that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused". Therefore, we conclude that violations other than those expressly are not to be considered for the purposes of R.C. 4511.99(D). Accordingly, appellant's prior violation of the Village of Mendon Ordinance 331.19 was not properly considered in determination of appellant's penalty under R.C. 4511.99(D).

Appellant's first assignment of error is well taken.

Appellant's second assignment of error contends that "[a] first violation of R.C. section 4511.21 cannot be assessed 12 points". Rather, appellant argues that such an offense can only be assessed 2 points.

R.C. 4507.021 provides the points system for license suspension. The provisions of R.C. 4507.021(G). subsections (11), (12), (13) and (14) relate to the points to be assessed for violations of R.C. 4511.21 and read as follows:

"(11) Violation of any law or ordinance pertaining to speed, except as otherwise provided in this section and in division (G) of section 4511.21 of the Revised Code ............2 points

"(12) *Upon a first violation of a limitation under division (D) of section 4511.21 of the*

*Revised Code at a speed in excess of seventy-five miles per hour ............2 points*

"(13) Upon a second violation within one year of the first violation of a limitation under division (D) of section 4511.21 of the Revised Code, for each increment of five miles per hour in excess of the posted speed limit, exclusive of the first five miles per hour over the limitations ............1 point

"(14) Upon a third or subsequent violation within one year of the first violation of a limitations under division (D) of section 4511.21 of the Revised Code, for each increment of five miles per hour in excess of the speed limit, exclusive of the first five miles per hour over the limitation ............2 points" (Emphasis added.)

Appellee argues that since this was appellant's third offense, 12 points was the proper amount to assess against appellant's license. We disagree. Prior speeding offenses are required to enhance the penalty for a subsequent speeding offense. R.C. 4507.021(G)(11), (12), (13) and (14) limit themselves to prior violations of subsection (D) or municipal ordinances related to speeding. Appellant's prior violations of failing to obey a traffic signal or device and failure to maintain control are not properly considered under this section. Accordingly. under R.C. 4507.021(G)(12), appellant can only be assessed 2 points for this violation. We note further, even this been appellant's third offense, 12 points still would no have been proper under R.C. 4507.021(G) (14).

Appellant's second assignment of error is well taken.

Appellant's third assignment of error contends that in accordance with R.C. 2945.71 (A) "[a] person against whom a charge is pending in a court not of record, shall be brought to trial within thirty days after his arrest or the service of summons". Appellant was served summons on April 24, 1988 but was not brought to trial until June 16, 1988. Thus, appellant argues that more than thirty (30) days had a elapsed thereby violating his right to a speedy trial.

In *Worthington* v. *Ogilby* (1982), 8 Ohio App. 3d 25, the court held as follows:

"[a]n appellant. for the first time, may not raise the issue of the denial of a speedy trial in the court of appeals."

The record does not demonstrate that appellant objected at any point to the proceedings in the trial court.

Accordingly, appellant's third assignment of error is not well taken and is overruled.

*Judgment reversed and cause remanded.*

BRYANT and MILLER, JJ., Concur