OPINION
Defendant-appellant Marvin Thomas Brown appeals from his conviction of driving under the influence which was entered after his no contest plea in the Belmont County Court, Western Division. For the following reasons, appellant's conviction is affirmed.
On July 27, 1997, appellant was cited for driving under the influence, failing to obey a red light and failing to wear a seatbelt. Thereafter, appellant appealed his administrative license suspension, requested discovery, and attended a pretrial where he requested leave to file pretrial motions. After appellant failed to timely file any pretrial motions, the court set a trial date for October 28, 1997. At this trial date, appellant argued that he could not file timely pretrial motions because the state failed to provide discovery. The court ordered the state to supply discovery but stated that the delay was not chargeable to the state. Once again, appellant failed to file pretrial motions. The case was then continued by agreement of the parties. Finally, on January 6, 1998, appellant pled no contest to driving under the influence; his remaining traffic violations were declared nolle prosequi. The court accepted appellant's plea and sentenced appellant accordingly. The within appeal resulted.
Appellant's sole assignment of error alleges:
 "THE COURT ERRED AS A MATTER OF LAW IN DENYING THE REQUEST OF THE APPELLANT TO DISMISS ON SPEEDY TRIAL GROUNDS WHERE THE DELAY WAS DUE TO THE FAILURE OF THE STATE OF OHIO TO PROVIDE DISCOVERY."
Appellant claims that his speedy trial rights were violated. Since appellant was charged with a first degree misdemeanor and two minor misdemeanors, he should have been brought to trial within ninety days of his arrest. R.C. 2945.71(B)(2) and (D). This ninety day period excludes any delays caused by appellant's motions or his neglect. R.C. 2945.72(D) and (H). It also excludes any reasonable continuance granted other than upon appellant's motion if the court journalizes the reasons therefor. R.C.2945.71 (H); State v. King (1994), 70 Ohio St.3d 158, 160, citingState v. Mincy (1982), 2 Ohio St.3d 6, 9.
Pursuant to R.C. 2945.73, the remedy for a violation of a defendant's speedy trial rights is as follows:
 "(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by section 2945.71 and 2945.82 of the Revised Code."
Although a defendant does not waive his speedy trial rights by waiting until the time limits expire before seeking discharge,State Singer (1977), 50 Ohio St.2d 103, 106, speedy trial rights are not self-executing. Partsch v. Haskins (1963), 175 Ohio St. 139,140. The Supreme Court of Ohio emphasizes that a motion to discharge for a speedy trial violation is not untimely if it is filed within the directives of R.C. 2945.73(B), i.e. "at or prior to the commencement of trial." State v. Tope (1978), 53 Ohio St.2d 250
251; Singer, supra at 110.
Following this line of reasoning, appellate courts of this state have consistently held that a defendant cannot raise a speedy trial issue for the first time on appeal but must initially raise such an issue at or prior to commencement of trial in accordance with R.C. 2945.73(B). See, e.g., State v.Harris (Dec. 21, 1994), Montgomery App. No. 14343, unreported, 12 (Second District); State v. Baldauf (1990), 67 Ohio App.3d 190,196-197 (Third District); State v. White (Mar. 21, 1990), Scioto App. No. 1785, unreported, 1 (Fourth District); State v.Davenport (Sept. 24, 1992), Richland App. No. CA-2851, unreported, 6 (Fifth District); State v. Thompson (1994),97 Ohio App.3d 183, 186 (Sixth District); State v. Trummer
(1996), 114 Ohio App.3d 456, 471. (Seventh District); State v.Tornstrom (Nov. 19, 1998), Cuyahoga App. No. 72898, 6 (Eighth District); State v. Myers (Sept. 12, 1990), Lorain App. No. 89CA4715, unreported, 4 (Ninth District); State v. Berry
(June 29, 1999), Franklin App. Nos. 97AP-964, 98 AP-256, unreported, 12 (Tenth District); State v. Pocius (Dec. 13, 1996), Lake App. No. 95-L-179, unreported, 6 (Eleventh District); State v. Smith (Feb. 8, 1993), Butler App. No. CA92-8-154, unreported, 2 (Twelfth District)
In the case at bar, appellant failed to file a written motion for discharge based upon speedy trial grounds. Appellant's brief claims that on October 28, 1997, appellant orally requested to be discharged due to a violation of his speedy trial rights. However, the record does not reflect that any such motion was made on this date or on any other date; nor does the record show that any such motion was denied by the trial court. We may not presume that appellant made the oral motion and the court denied that motion. See City of Cleveland Heights v. Jones (Sept. 21, 1995), Cuyahoga App. No. 68878, unreported, 2. We are bound by the record on direct appeal, and the record herein does not support appellant's position. Because the record demonstrates that appellant failed to raise the speedy trial issue in the trial court, he may not raise it in this court. City ofWorthington v. Ogilby (1982), 8 Ohio App.3d 25, 27. Hence, appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J, concurs.
Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE