[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Mark W. Anderson, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possessing weapons while under a legal disability. For the following reasons, we affirm the trial court's judgment.
In July 1997, Anderson entered pleas of no contest to five counts of possessing a weapon while under a disability. The legal disability arose as the result of a prior minor-misdemeanor conviction for marijuana possession. The trial court found Anderson guilty and imposed consecutive terms of incarceration. Anderson then appealed the convictions and sentences to this court. We affirmed the findings of guilt but reversed the sentences on the authority of R.C. 2941.25(A).[1]
On remand, Anderson filed a motion to withdraw the no-contest pleas. The trial court overruled the motion and sentenced Anderson to a term of community control. This appeal followed.
In his first assignment of error, Anderson contends that the trial court erred in imposing a term of community control. In support of his assignment, Anderson cites a number of cases for the proposition that a prior, uncounselled misdemeanor cannot serve as the basis for a later term of imprisonment.[2]
However, even were we to accept, arguendo, Anderson's legal proposition, as well as his factual assertion that his misdemeanor conviction was uncounselled, we would find no error in the case at bar. The trial court did not impose a term of incarceration but rather placed Anderson on community control. Anderson's argument that a term of community control is tantamount to a prison sentence is simply untenable.
If Anderson violates the rules of community control and is sentenced to a term of incarceration in the future, the issue may be revisited. The trial court's sentence as imposed below, however, is in conformity with the law, and the first assignment of error is overruled.
In the second assignment of error, Anderson contends that the trial court erred in overruling his motion to withdraw the no-contest pleas. Anderson argues that the pleas were not knowingly, intelligently, and voluntarily entered. This issue was raised in Anderson's first appeal, and this court found no defect in the entry of the pleas.[3] The issue, therefore, is res judicata, and the second assignment of error is accordingly overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge
[1] See State v. Anderson (June 17, 1998), Hamilton App. No. C-970749, unreported.
[2] See, e.g., State v. Baldauf (1990), 67 Ohio App.3d 190,586 N.E.2d 237.
[3] See Anderson, supra.