OPINION
The defendant-appellant, Jamie K. Stemen ("the appellant"), appeals the jury verdict finding him guilty of one count of aggravated menacing, in violation of R.C. 2903.21(A). For the following reasons, we affirm the appellant's conviction.
In a single indictment dated August 1998, the appellant was indicted on one count of domestic violence, in violation of R.C.2919.25(A), a felony of the fifth degree, and one count of aggravated menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree.[1] On January 11, 1999, the appellant was tried before a jury which found him guilty on both counts. The appellant was sentenced to a twelve-month term of imprisonment for the offense of domestic violence, and to a term of imprisonment of six months for the offense of aggravated menacing. The trial court ordered that the two sentences run consecutively to each other.
The appellant now appeals, setting forth the following sole assignment of error.
 ASSIGNMENT OF ERROR
The defendant's right to a speedy trial was violated by the trial court's delay in bringing this matter to trial.
In his sole assignment of error, the appellant maintains that the trial court should have dismissed the charge of aggravated menacing because the State of Ohio did not bring him to trial within the ninety-day statutory time period for first degree misdemeanors as required under R.C. 2945.71(B)(2). For the following reasons, we do not agree.
The record in this case reveals that, consistent with a waiver, the appellant neglected to raise a speedy trial claim with the trial court. R.C. 2945.73(B) states, in pertinent part, that such a claim must be raised "[u]pon motion made at or prior to the commencement of trial * * *." State v. Townsend (Feb. 4, 2000), Hancock App. No 5-99-47, unreported, quoting R.C. 2945.73(B). Therefore, the right to a speedy trial must be asserted in a timely fashion or the issue is waived on appeal. State v. Trummer
(1996), 114 Ohio App.3d 456, 470-471; State v. Baldauf (1990),67 Ohio App.3d 190 (holding that a defendant, for the first time, may not raise the issue of the denial of a speedy trial in the court of appeals); Worthington v. Ogilby (1982) 8 Ohio App.3d 25, 27. Because the record does not demonstrate that the appellant objected at any point to the proceedings in the trial court, we find that he waived his right to appeal the issue.
Accordingly, the appellant's assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the appellant's conviction for aggravated menacing.
 ___________________________ HADLEY, J.
SHAW and BRYANT, JJ., concur.
[1] The appellant does not appeal his conviction for domestic violence.