JOURNAL ENTRY AND OPINION
Applicant, Leonardo Frazier, is attempting to reopen, under App.R. 26(B), the appellate judgment that was rendered by this court in Statev. Frazier (Aug. 10, 2000), Cuyahoga App. No. 76775, unreported, which affirmed his conviction for the offenses of burglary (R.C. 2911.11), felonious assault (R.C. 2903.11), kidnapping (R.C. 2905.01), gross sexual imposition (R.C. 2907.05) and two counts of intimidation (R.C. 2921.04). We decline to reopen.
App.R. 26(B)(1) and 26(B)(2)(b) provide that a showing of "good cause" must be established when the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. In the case sub judice, the appellate judgment which affirmed Frazier's convictions was journalized on August 21, 2000. He filed his application for reopening on February 1, 2001, more than ninety days later, and thus is required to establish "good cause." Statev. Winstead (1996), 74 Ohio St.3d 277; State v. Wickline (1996),74 Ohio St.3d 369.
Frazier argues that the inability to secure counsel, lack of knowledge of the time constraints provided by App.R. 26(B), and inadequate access to the record prevented the timely filing of his application for reopening. These arguments, however, do not constitute "good cause" for the untimely filing. State v. Reddick (1995), 72 Ohio St.3d 88; State v.Collins (July 3, 1995), Cuyahoga App. No. 67165, unreported, reopening disallowed (Feb. 10, 1997),. Motion No. 77984.
The doctrine of res judicata also prevents this court from reopening Frazier's appeal. Errors of law that were either previously raised or could have been raised upon appeal may be barred from further reviewvis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, paragraph one of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60.
Frazier did file an appeal, pro se, in the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel with regard to State v.Frazier (Aug. 10, 2000), Cuyahoga App. No. 76775, unreported. It must be noted that his "memorandum in support of jurisdiction" filed with the Supreme Court of Ohio specifically raised the issue of ineffective assistance of appellate counsel through proposition of law number four. The Supreme Court, however, dismissed the applicant's pro se appeal on December 22, 2000, and the doctrine of res judicata now bars any further litigation of the claim. State v. Dehler (1995), 73 Ohio St.3d 307; Statev. Terrell (1995), 72 Ohio St.3d 247; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed June 14, 1996, Motion No. 71793. We further find that the application of the doctrine ofres judicata is just.
Finally, a substantive review of the brief in support of the application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. In an appeal to this court, appellate counsel is not required to argue assignments of error which are meritless. Jones v. Barnes (1983), 463 U.S. 745. Consideration of Frazier's proposed assignment of error, the denial of the right to a speedy trial, would not have resulted in a reversal of his convictions.Strickland v. Washington (1984), 466 U.S. 668; State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965). 2 Ohio St.2d 299. The speedy trial provisions contained in R.C. 2945.71 and 2945.72 are not self-executing and must be asserted by a defendant, through a motion, in a timely fashion prior to trial in order to avoid waiver of such rights.State v. Bonarrigo (1980), 62 Ohio St.2d 7; Partsch v. Haskins (1963),175 Ohio St. 139; State v. Trummer (1996), 114 Ohio App.3d 456; State v.Thompson (1994), 97 Ohio App.3d 183; State v. Dumas (1990),68 Ohio App.3d 174; State v. Sadovskiy (April 6, 2000), Cuyahoga App. No. 77104, unreported. See, also, State v. Hughes (199), 86 Ohio St.3d 424;State v. King (1994), 70 Ohio St.3d 158; State v. Brown (1992),64 Ohio St.3d 476. It must also be noted that a defendant may not raise the issue of the denial of his right to a speedy trial, for the first time, at the appellate level. State v. Baldauf (1990), 67 Ohio App.3d 190.
Accordingly, the applicant's application for reopening is denied.
 _________________________________ COLLEEN CONWAY COONEY, JUDGE:
 DIANE KARPINSKI. A.J. and ANNE L. KILBANE. J. CONCUR.