JOURNAL ENTRY AND OPINION
In this consolidated appeal, defendant-appellant, Terrell H. Jordan, appeals his convictions for felonious assault and possession of cocaine after a jury of the Cuyahoga County Common Pleas Court found him guilty of these charges. For the reasons that follow, we affirm.
A review of the record reveals that, in the early morning hours of May 16, 2000, Aysha Terry received multiple stab wounds from an assailant she later identified as appellant. According to Aysha's testimony, she was walking through the Longwood Estates public housing development at approximately 3:30 a.m. on that date when she encountered an acquaintance by the name of Germaine. After exchanging pleasantries, the two parted. Shortly thereafter, Aysha testified that she was approached by an individual matching appellant's description who asked her where the dude went. Stating that she was unaware of whom the appellant was referring, appellant then grabbed Aysha around the neck and said something to the effect that Aysha did not want to get killed over "no hundred dollars." He then pulled out a knife and stabbed her seventeen times.
Aysha testified that she was able to make it to a nearby cousin's residence and obtain medical attention. She was ultimately transported to MetroHealth Medical Center where she required intensive care treatment. She was eventually released from the hospital four or five days later. While in the hospital, Aysha was able to give a statement to Cleveland Police Officer James Gajowski regarding the attack as well as a detailed description of her assailant.
Approximately one month later, on June 17, 2000, Aysha and a friend were in a convenience-type store purchasing some items when she recognized appellant as he entered the store. Unsuccessful at trying to use the phone in the store or in the immediate area, she and her friend followed appellant from the store and was able to eventually flag down Cleveland Police Officers Matthew Payne and Keith Campbell. These officers apprehended appellant whereupon Aysha identified appellant as the individual who attacked her on May 16, 2000. Finding her identification and the appearance of appellant consistent with her earlier statement to Ofc. Gajowski, appellant was arrested and placed in custody. While patting appellant down, the officers found a buck knife and a crack pipe containing residue later identified as cocaine. Aysha did tell the police officers at the scene of arrest that the knife confiscated on this date did not appear to be the same knife that was used to stab her, a statement she repeated while testifying during trial.
Ofc. Gajowski interviewed appellant the next day. Appellant denied any involvement with the stabbing stating that he was at the home of his girlfriend, Elena Turner, the entire evening. Noticing the presence of red stains on the blue jeans that appellant was wearing, the officer inquired as to their origin. Appellant responded that the stains were barbecue sauce but later said it "may be blood." While later DNA testing was inconclusive, the stains did test positive for human blood.
Appellant testified in his own defense. Acknowledging his extensive criminal history, appellant admitted lying to Ofc. Gajowski regarding his whereabouts on May 16, 2000. According to his testimony, appellant was with Ms. Turner earlier in the evening preceding Aysha's attack and was awakened by two friends who enlisted his aid in obtaining drugs for them. He claims these friends believed appellant to be knowledgeable regarding sources to obtain pure, not fake drugs. After these friends gave appellant a one hundred dollar bill, appellant traversed through the Longwood Estates housing development in search of drugs.
Appellant met up with an individual named Betty and an unknown male, both who were likewise in search of drugs. Appellant claims that he and these two individuals came upon Aysha and Germaine and inquired as to where appellant and his group could obtain drugs. When Aysha and Germaine responded that they had drugs for sale, Betty and the unknown male relayed that they each wanted twenty dollars worth of drugs while appellant wanted fifty dollars worth. Claiming that Germaine told him that he did not have change for a hundred dollar bill, appellant thereupon bought what he thought was one hundred dollars worth of drugs while Betty and the unknown male each purchased their intended quantity. Aysha and Germaine then departed.
Shortly thereafter, according to appellant, Betty informed the group that the drugs were "dummies." Appellant testified that he gave chase to Germaine while the unknown male chased Aysha. While he eventually lost Germaine, appellant testified that he saw Aysha struggle with the unknown male. He came upon her after the unknown male had left and advised her of the foolishness of selling fake drugs. He testified that he did not notice any injuries consistent with stab wounds at the time of this conversation. Appellant then left the area.
As to the charge for drug possession, appellant testified that the drugs on his person on the date of his arrest were not his, but were contained in a paper bag he had just picked up. He further testified that the jeans he was wearing on the date of arrest were not the same pants he had worn on May 16, 2000.
The jury eventually returned verdicts of guilty on both counts. Appellant now appeals and assigns six errors for our review.
 I.
In his first assignment of error, appellant contends that his convictions for felonious assault and possession of cocaine are against the manifest weight of the evidence.
A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins (1997),78 Ohio St.3d 380, 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant's argument appears to revolve around whether the presence of cocaine residue can support a conviction for cocaine possession. This type of argument is more appropriately a sufficiency argument rather than a manifest weight argument and will be discussed under appellant's second assignment of error. Appellant then next discusses his trial counsel's failure to challenge the chemical make-up of cocaine with expert testimony. Again, this is an argument more appropriately discussed under appellant's claims of ineffective assistance of trial counsel.
The only argument related to a manifest weight argument is that regarding the jury's resolution of conflicting evidence. Appellant claims that the jury failed to consider what Aysha was doing out at 4:00 a.m. the morning of the attack but instead considered appellant's admission to being out at that time for the purpose of purchasing drugs as well as his extensive criminal background in finding him guilty of not only felonious assault but drug possession as well.
It is true that the divergent testimony of Aysha and appellant required the jury's resolution. It is entirely plausible that the jury did not believe all of Aysha's testimony as to her reasons for being out at the time of the attack but did believe that she was attacked and that her description of her assailant fit appellant's description. It was within the purview of the jury to believe all or part of any testimony they hear. We, as a reviewing court, must only consider whether the evidence and any reasonable inferences therefrom can support the jury's verdict. In so doing, we consider the witnesses' credibility and whether the jury lost its way in resolving conflicting evidence.
In this case, the credibility of both Aysha and appellant is open to suspicion yet we cannot say that the jury lost its way in resolving the conflicting evidence. Appellant's own testimony places him at the scene of the crime and in direct encounter with Aysha. That their testimony diverges at the point of attack does require the jury to resolve this issue in favor of appellant. To the contrary, the jury found Aysha's testimony, at least in part, to be more credible than that of appellant's. Her description of appellant shortly after her attack as well as her identification of him a month later lends to her credibility insofar as identifying appellant as her attacker. On the other hand, appellant's testimony that it was this unknown male who had attacked Aysha seems less plausible especially in light of appellant's own testimony that he was in the area procuring drugs for friends of his who trusted him as an authority on where to obtain pure drugs. If this was the case, it seems unlikely that appellant would team up with some unknown person and casually ask Aysha and her friend, Germaine, where they could obtain drugs. Consequently, it cannot be said that the jury lost its way in resolving the conflicting testimony and created a manifest miscarriage of justice in finding appellant guilty of felonious assault.
The same is true for the jury's verdict finding appellant guilty of drug possession. When arrested, appellant had in his possession a crack pipe with residue that later tested positive for cocaine. It is reasonable to infer that appellant had in his possession cocaine regardless of appellant's testimony that he had found this paraphernalia in a bag he picked up just prior to being arrested. As such, it cannot be said that appellant's conviction for drug possession is against the manifest weight of the evidence.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the trial court erred in denying his motion for acquittal when there was insufficient evidence to convict him for the offenses for which he was charged.
Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v.Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins, 78 Ohio St.3d at 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 231.
 A. Felonious Assault Charge
R.C. 2903.11(A)(2) provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code." "Deadly weapon" is defined as any instrument, device or thing that is capable of inflicting death. R.C. 2923.11(A). The fact that a knife is capable of inflicting death, however, does not necessarily mean that it is a deadly weapon. State v. Cathel (1998),127 Ohio App.3d 408, 411; see, also, State v. Brown (June 28, 2001), Cuyahoga App. No. 78515, unreported, 2001 Ohio App. Lexis 2890. The prosecution must also show that either (1) the knife was designed or specially adapted for use as a weapon or (2) it was possessed, carried or used as a weapon. Id., see, also, Columbus v. Dawson (1986),28 Ohio App.3d 45, 46.
In this case, Aysha testified that the knife found in appellant's possession was not the same knife that she observed while she was being multiply stabbed. Because she was stabbed so many times about her face and abdomen, she was able to not only observe appellant's features but the knife that was used to inflict those wounds. Just as Aysha's identification of appellant as her assailant was unwavering, she was likewise able to observe the knife used to attack her and to describe it fully. Merely because the knife found on appellant may not have been the instrument used to inflict her wounds does not mean that appellant did not use a knife to accomplish the same objective. Consequently, it was not error for the trial court to deny appellant's motion for acquittal as there was sufficient evidence to support a conviction for felonious assault and we cannot say that reasonable minds would have concluded otherwise.
Appellant makes much of the fact that the identification of human blood on appellant's pants at the time of his arrest went unchallenged by his trial counsel. Again, this argument is more appropriate under his claims for ineffective assistance of trial counsel. To the extent that appellant raises the introduction of this evidence as somehow related to his sufficiency challenge, we find the argument meritless.
Here, we have a victim who was stabbed multiple times. During the course of this attack, the victim is able to observe her assailant and make a positive identification of appellant as that assailant, an identification that is consistent one month later when she observes appellant in the neighborhood. Whether the pants worn by appellant at the time of his arrest were the same pants worn on the night of the attack is less important given the victim's unequivocal identification of appellant as the one who feloniously assaulted her.
 B. Drug Possession Charge
R.C. 2925.11 provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer (1998),82 Ohio St.3d 490, 492. Possession is defined as having "control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
Here, appellant had more than mere access but had physical possession. Nonetheless, he claims that the presence of cocaine residue is insufficient as a matter of law to support a conviction for possession of cocaine. Possession of drug paraphernalia containing drug residue, however, is sufficient to support such a conviction. State v. Teamer,82 Ohio St.3d at 492; see, also, State v. Grays (June 7, 2001), Cuyahoga App. No. 78304, unreported, 2001 Ohio App. Lexis 2527. The crack pipe containing cocaine residue found in appellant's possession at the time of his arrest was, therefore, sufficient to support a conviction for drug possession. As such, it was not error for the trial court to deny appellant's motion for acquittal. Moreover, the arresting officers' testimony supported that this drug paraphernalia was found on appellant's person and reasonable minds could, therefore, conclude as did the jury that the appellant was guilty of drug possession.
Appellant's second assignment of error is not well taken and is overruled.
 III.
In his third assignment of error, appellant complains that the trial court made several errors when instructing the jury. Specifically, appellant argues that the trial court erred when it failed to (1) instruct on the lesser included offense of aggravated assault and (2) clarify that appellant possessed drugs on the day of his arrest.[1] The state, on the other hand, maintains that appellant failed to object to the instructions of the court and, absent plain error, has waived this assigned error.
Crim.R. 30(A) governs instructions to the jury and provides that "any party may file written requests that the court instruct the jury on the law as set forth in the requests." In this case, appellant did not file any written requests for instructions Indeed, the trial court judge gave appellant's counsel a copy of the jury charge stating that the instructions were straight out of OJI but giving appellant's counsel an opportunity to read the instructions. Appellant's counsel responded that he would skim the instructions prior to the court's charge but that counsel was confident that the instructions would be fine. The record does not support that appellant's counsel found any objection with the instructions the trial court intended to give and, in fact, did give to the jury.
Crim.R. 30(A) further provides that a party may not assign as error on appeal "the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Failure to request specific instructions or object to those given waives all but plain error. State v. Coley (2001), 93 Ohio St.3d 253, 266.
Crim.R. 52(B) authorizes this court to recognize "plain errors or defects affecting substantial rights * * * although they were not brought to the attention of the court." Notwithstanding, notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus; see, also,State v. Hill (2001), 92 Ohio St.3d 191, 196. A reviewing court must examine the error asserted "in light of all the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred." State v. Slagle (1992),65 Ohio St.3d 597, 605; see, also, State v. Long, 53 Ohio St.2d at paragraph two of the syllabus.
An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
Except for the additional mitigating element of serious provocation, the elements of the offenses of aggravated assault and felonious assault are identical. Compare R.C. 2903.12 and 2903.11; see, also, State v.Deem, 40 Ohio St.3d at paragraph four of the syllabus. Thus, in a trial for felonious assault, it is incumbent upon a criminal defendant to present sufficient evidence of serious provocation in order to warrant an instruction on the lesser included offense of aggravated assault. Id.
Our review of the record does not support that appellant presented any evidence of serious provocation. To the contrary, appellant claims that he was not the perpetrator of the crime against Aysha. He testified that he observed the unknown male struggle with Aysha and the inference seems to be that this unknown male could have been responsible for Aysha's injuries.
Even if appellant had alternatively argued serious provocation, we find no evidence to support such a finding. Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and incite or arouse the defendant into using deadly force. Id. at paragraph five of the syllabus. In determining sufficiency, the emotional and mental state of the defendant must be considered by the court as well as the surrounding conditions and circumstances. Id. Appellant here claims to argue that participating in a drug deal that resulted in the sale of dummie drugs is sufficient reason to incite him to use deadly force and, therefore, constitutes serious provocation. We disagree. If anything, such a reason, if true, merely supports that appellant was seeking revenge and wanted to show the victim a lesson. Consequently, an instruction on aggravated assault was unwarranted.
Nor do we find any error associated with the trial court's instruction for drug possession. Appellant argues that the trial court failed to clarify that the state had an obligation to prove that appellant used or possessed drugs on the day of arrest. The court did so. In its instructions to the jury, the court stated:
 * * * Before you can find [appellant] guilty, you must find beyond a reasonable doubt that on or about June 17th, 2000, and in Cuyahoga County, Ohio, Terrell H. Jordan, Sr., did knowingly obtain, possess or use a controlled substance, to-wit: cocaine, a Schedule II drug, in the amount of less than 5 grams. * * *
As is apparent from this instruction, the court was sufficiently clear as to the jury's role regarding appellant's drug possession charge.
While not argued under this assignment of error, appellant also claims that the jury could have also been instructed on the lesser included offense of possession of drug paraphernalia. We disagree. As stated previously, drug paraphernalia containing drug residue is sufficient to sustain a conviction for drug possession. State v. Teamer,82 Ohio St.3d at 492. Had the paraphernalia not contained any residue, it is possible that such an instruction may have been appropriate. This is not the case here.
Since we find no error, plain or otherwise, in the trial court's instructions to the jury, appellant's third assignment of error is not well taken and is overruled.
 IV.
In his fourth and fifth assignments of error, appellant contends that he was denied a fair trial because his trial counsel was ineffective for several reasons. Succinctly, appellant claims his trial counsel was ineffective for failing to (1) preserve any error associated with the jury instructions; (2) file a motion to suppress the knife or pants worn by appellant at the time of his arrest; (3) object to the presentation or admission of pictures of Aysha's stab wounds; (4) present any argument or preserve for appeal the joinder of the cases against appellant; (5) object to the state's pictorial description of the crime scene that was admitted as an exhibit; (6) proffer on the record his objections to the court when it denied appellant's motion for a jury view; and (7) move for acquittal under Crim.R. 29 on the drug possession charge. Appellant further contends that his trial counsel was ineffective when counsel (1) made several references throughout trial as to what appellant's appellate counsel perceives as supporting appellant's culpability; (2) stipulated to the forensic reports analyzing the drug residue contained on the crack pipe and the substance on appellant's pants; and (3) allowed appellant to testify on his own behalf.
In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. at 694.
The United States Supreme Court in Strickland ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 A. Jury Instructions
Under Section III we determined that there was no error associated with the instructions given to the jury. Consequently, a claim for ineffective assistance of counsel on this basis is unwarranted.
 B. Motion to Suppress
In general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v.Morrison (1986), 477 U.S. 365, 384; State v. Nields (2001),93 Ohio St.3d 6, 66-67. A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice. State v. Robinson
(1996), 108 Ohio App.3d 428, 433.
A motion to suppress evidence seeks to challenge the arrest, search or seizure as somehow being in violation of the Fourth Amendment of the United States Constitution. The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2001) 31, Section 2.1. Exclusion is mandatory under Mapp v. Ohio
(1961), 367 U.S. 643 when such evidence is obtained as a result of an illegal arrest, search or seizure.
Here, appellant appears to be challenging the knife and pants asirrelevant evidence, not illegally obtained evidence. Appellant offers no argument or evidence to support that his arrest, search or the seizure of these articles was in violation of the Fourth Amendment. Nor can we identify anything in the record that would support such an argument. Without a meritorious Fourth Amendment issue, appellant's claim for ineffective assistance of counsel must fail. Kimmelman v. Morrison,477 U.S. at 382. Consequently, it cannot be said that trial counsel was ineffective for failing to file a motion that would most likely be unsuccessful.
 C. Admission of Evidence
Appellant complains that his trial counsel should have objected to the admission of several pictures of the victim's multiple stab wounds.
The trial court has broad discretion in the admission and exclusion of evidence, including photographs. State v. Hymore (1967), 9 Ohio St.2d 122,128. An appellate court will not disturb evidentiary rulings absent an abuse of that discretion. Id. Nonetheless, failure to object to these photographs at trial waives all but plain error. State v. Taylor (1997)78 Ohio St.3d 15, 26.
We find no plain error. Twelve photographs were admitted depicting the various stab wounds Aysha received. They were not repetitive but merely demonstrated the various places on her body that she incurred injury as a result of her attack.
 D. Joinder of Cases Against Appellant
Appellant claims that his trial counsel failed to present any legal argument pertaining to a motion to separate the trial nor did trial counsel object to the joinder of the cases against appellant.
Appellant does not direct us to where in the record a motion to separate trial, if filed, was ever made as is required by App.R. 16(A)(2). Our review of the record does not support that such a motion was ever before the court.
Notwithstanding, we cannot say that appellant was prejudiced by joinder of the cases so as to justify relief from joinder under Crim.R. 14. Joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense. State v.Czajka (1995), 101 Ohio App.3d 564, 577-578; see, also, Crim.R. 13.
In this case, Aysha's identification of appellant as her assailant is the basis for his arrest. That appellant was found to be in possession of drug paraphernalia with cocaine residue on that paraphernalia was secondary to his arrest for felonious assault. Had appellant been tried for drug possession alone, it would have been necessary to form the basis for his arrest, which would require evidence related to the charge for felonious assault. Consequently, counsel cannot be said to be ineffective for failing to request relief from joinder where such a request would most likely have been unsuccessful.
 E. Jury View
Appellant claims that his trial counsel was ineffective for failing to proffer on the record his objections to the denial of the motion for a jury view.
Trial counsel's failure to make an offer of proof under Evid.R. 103(A)(2) upon the denial of a motion for a jury view does not preclude this court from reviewing the propriety of the denial of that motion. This is so because a jury view is not considered evidence. Lacy v. UgandaInvest. Corp. (1964), 7 Ohio App.2d 237, 241; State v. Walton (June 9, 1983), Cuyahoga App. No. 44479, unreported, 1983 Ohio App. Lexis 16006; see, also, State v. Palmer (1997), 80 Ohio St.3d 543, 559; State v.Nickelson (1996), 75 Ohio St.3d 10, 11. Accordingly, failure to make an offer proof upon an overruled motion for jury view cannot serve as the basis of an ineffective assistance of counsel claim.
 F. Comments of Trial Counsel
Appellant claims his trial counsel made several comments throughout trial that were prejudicial to his defense and, as such, trial counsel failed to act as an effective advocate. In particular, appellant complains of comments regarding appellant's criminal background and his past drug use as well as his being out the night of the offense for the purpose of purchasing drugs.
While these comments may not have presented appellant in the best light, trial counsel's decision to be forthright with the jury regarding appellant's background can be considered sound trial strategy especially in light of the fact that appellant decided to testify on his own behalf. We see no reason to depart from the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance under the facts of this case.
 G. Motion for Acquittal
Appellant also complains that his trial counsel was ineffective for failing to move for acquittal under Crim.R. 29 for the drug possession charge. This is untrue.
The record reveals that trial counsel did move for acquittal of both the felonious assault charge as well as the drug possession charge. The court inquired of trial counsel if any motions were to be made and trial counsel responded that he is making "a perfunctory Rule 29 motion with respect to the felonious assault" charge. He then next stated:
 With respect to the possession of cocaine case, I would argue that my client could not knowingly possess cocaine, if there was merely residue and he had thought he had smoked it all, if that's the assumption that is being made here. Thank you.
Consequently, such a motion was made and, therefore, a claim for ineffective assistance of counsel on this basis is unsupported by the record.
 H. Stipulated Forensic Reports
Appellant claims that his trial counsel was ineffective for stipulating to the forensic report identifying the residue on the crack pipe as being cocaine rather than objecting to the admission of that report. It appears from appellant's argument that he is complaining that cocaine residue cannot serve as a basis for a drug possession conviction and, therefore, trial counsel should have objected to the report identifying that residue as cocaine.
In Section II, we concluded that cocaine residue can support a conviction for drug possession. It was, therefore, entirely proper for trial counsel to stipulate to the report identifying the residue as cocaine.
 I. Appellant's Decision to Testify
Appellant complains that his trial counsel was ineffective for choosing to have him testify in his own defense.
A review of the record reveals, however, that the decision to testify was appellant's own despite an extensive colloquy between the trial judge and appellant. The court inquired as to whether the advantages and disadvantages of testifying had been explained to him by his trial counsel to which appellant responded affirmatively. The trial court then informed appellant of his constitutional right not to testify and, again, appellant responded that he understood this right.
 THE COURT: Knowing all that, with the full advice of counsel, you are choosing to testify in this case?
APPELLANT: Yes, ma'am.
 THE COURT: * * * Mr. Jordan, when you testify, your past record gets to go in front of the jury. You understand that?
APPELLANT: Yes, ma'am.
It cannot be said, therefore, that the decision to have appellant testify was solely upon the advice of counsel.
Having found none of his arguments regarding the ineffectiveness of his trial counsel persuasive, appellant's fourth and fifth assignments of error are not well taken and are overruled.
 V.
In his sixth assignment of error, appellant contends that his right to a speedy trial on the felonious assault charge was denied when he was not brought to trial in a timely manner.
R.C. 2945.73(C) provides that a criminal defendant "shall be discharged if he is not brought to trial within the time required by 2945.71 and2945.72 of the Revised Code." Nonetheless, this provision likewise requires that the issue of timeliness must be brought to the court's attention "[u]pon motion made at or prior to the commencement of trial." Consequently, speedy trial provisions are not self-executing but must be asserted by a criminal defendant in a timely manner in order to avoid waiving such rights. Partsch v. Haskins (1963), 175 Ohio St. 139; Statev. Trummer (1996), 114 Ohio App.3d 456, 470-471; State v. Dumas (1990),68 Ohio App.3d 174, 176; see, also, State v. Frazier (June 14, 2001), Cuyahoga App. No. 76775, unreported at 4-5, 2001 Ohio App. Lexis 2768;State v. Sadovskiy (Apr. 6, 2000), Cuyahoga App. No. 77104, unreported at 5-6, 2000 Ohio App. Lexis 1559.
A review of the record reveals that appellant asserted no such rights. No request to dismiss the felonious charge against him was filed or otherwise brought to the attention of the trial court. Absent such a request, appellant has waived the denial of his speedy trial rights and cannot raise this issue for the first time on appeal. State v. Baldauf
(1990), 67 Ohio App.3d 190, 197; Worthington v. Ogilby (1982),8 Ohio App.3d 25, 27; State v. Tornstrom (Nov. 19, 1998), Cuyahoga App. No. 72898, unreported at 15, 1998 Ohio App. Lexis 5464.
The failure to raise a valid defense may support a claim of ineffective assistance of counsel. State v. Kole (2001), 92 Ohio St.3d 303. In this case, however, it appears that resolution of whether appellant's speedy trial rights were violated depends on evidence outside the record and, therefore, could not have been properly raised on appeal. Under such circumstances, the appropriate manner in which to resolve this issue would be by way of petition for post-conviction relief.
Appellant's sixth assignment of error is not well taken and is overruled. VI. Conclusion All of appellant's assigned errors having been found without merit, the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and JOHN T. PATTON, J. (Retired Judge of theEighth Appellate District, sitting by assignment), CONCUR.
[1] Appellant also complains in this assignment of error that the trial court failed to (1) instruct the jury as to the number of grams for the charge of drug possession; (2) provide a copy of the jury instructions for the jury to use during their deliberations; and (3) comply with R.C.2945.10(G) by including the instructions in the record. Appellant, however, offers no argument or case law in support of these arguments but makes rather conclusory statements of error committed by the trial court. App.R. 16(A)(7) requires the appellant to include in its brief an argument with respect to each assignment of error, the reasons in support of that argument including citations to authority and the record. Appellant did none of these as pertains the aforementioned statements contained in this assignment of error. Failure to comply with App.R. 16(A) allows this court to disregard that portion of this assignment of error not properly supported or argued. See App.R. 12(A)(2). Even if properly argued and supported, however, we find that none of these errors would have been prejudicial.