OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Natural Health Foundation, appeals from a final judgment of the Lake County Court of Common Pleas affirming an order issued by appellee, the Willoughby Board of Zoning Appeals ("the board"), revoking appellant's temporary certificate of occupancy. For the reasons that follow, we reverse the judgment of the common pleas court and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} The record discloses the following facts. On March 21, 2002, appellant received a "Notice of Violation" from Richard J. Smith, the Chief Building and Zoning Inspector for the city of Willoughby's Building Department. The "Notice of Violation" revoked appellant's temporary certificate of occupancy for the commercial premises located at 35535 Euclid Avenue, Willoughby, Ohio. As stated in the "Notice of Violation," the reasons for the revocation included the following: 1) appellant failed to complete required work listed in the temporary certificate in a timely manner; 2) the primary use of the premises was video gaming machines and "peel-and-win" instant bingo games; and 3) appellant's video gaming and instant bingo uses were not considered "retail establishment" uses as defined in the codified ordinances of Willoughby.
 {¶ 3} Appellant properly appealed the revocation to the board. Accordingly, the board conducted an official hearing of appellant's appeal on May 23, 2001. Following the hearing, the board affirmed the revocation of appellant's temporary certificate of occupancy by a vote of 5-0.
 {¶ 4} Appellant then appealed the board's order in the Lake County Court of Common Pleas. On February 20, 2002, the common pleas court consolidated appellant's administrative appeal with a similar appeal in a separate case filed by Strike the Gold.
 {¶ 5} After reviewing the record, the common pleas court issued a judgment entry on July 9, 2002, affirming the board's order revoking appellant's temporary certificate of occupancy. The common pleas court stated, "[u]pon review of the record of the proceedings, the court finds there was substantial, probative, credible evidence upon which [the board] could base its decision."
 {¶ 6} Appellant filed a timely notice of appeal from the July 9, 2002 judgment entry, and has presented the following assignments of error for our consideration:
 {¶ 7} "[1.] The common pleas court erred to the prejudice of the plaintiff-appellant in denying his motion for a hearing.
 {¶ 8} "[2.] The common pleas court erred to the prejudice of the plaintiff-appellant in applying an incorrect standard of proof to the record on appeal.
 {¶ 9} "[3.] The common pleas court erred to the prejudice of the plaintiff-appellant when it found that there was substantial, probative, credible evidence upon which the Board of Zoning Appeals could base its decision."
 {¶ 10} In its first assignment of error, appellant sets forth two arguments in support of its contention that the common pleas court erred in failing to conduct an evidentiary hearing. First, appellant maintains where the record shows that it raised the constitutionality of certain zoning restrictions and moved for a hearing, the common pleas court must try this issue de novo and conduct a hearing.
 {¶ 11} Generally, in an R.C. Chapter 2506 administrative appeal, the common pleas court is confined to a review of the transcript and record of the board's meeting. Pacific Financial Services of Am., Inc.v. Deerfield Twp. Bd. of Zoning Appeals (Nov. 17, 1989) 11th Dist. No. 1997, 1989 Ohio App. LEXIS 4306, at 6. However, a party is precluded from presenting an issue that challenges the constitutionality of an ordinance to the board of zoning appeals because the board lacks jurisdiction to decide such an issue. Roy v. Cleveland Bd. of Zoning Appeals (2001),145 Ohio App.3d 432, 437. See, also, Recreational Facilities, Inc. v.Hambden Twp. Bd. of Trustees (June 30, 1995), 11th Dist. No. 93-G-1819, 1995 Ohio App. LEXIS 2804, at 16. Therefore, because the board is precluded from a making a determination as to a constitutional issue, the common pleas court has original jurisdiction and a de novo hearing on that issue must be held upon the request of either party. PacificFinancial at 6.
 {¶ 12} In the case at bar, appellant argues that the common pleas court failed to hold a de novo hearing despite the presence of a constitutional challenge to certain zoning restrictions. The record, however, fails to establish that a constitutional issue was ever submitted to the common pleas court.
 {¶ 13} Appellant asserts in its appellate brief that "a motion for a hearing on the issue of constitutionality had been filed January 22, 2002, and never decided by the [common pleas court]." A review of the record reveals no evidence of a submission of any motion challenging the constitutionality of a zoning restriction. The alleged filing date of January 22, 2002, is prior to the consolidation date of appellant's appeal and Strike the Gold's appeal. It is possible that Strike the Gold filed a motion challenging a zoning restriction's constitutionality before the appeals were consolidated. Nevertheless, the record before this court contains no evidence demonstrating that a constitutional issue was before the common pleas court that would require a de novo hearing.
 {¶ 14} Pursuant to App.R. 9(B), it is the appellant's duty to ensure that a complete record is transferred to this court. TrumbullCty. Engineer's Office v. Ward (Sept. 25, 1998), 11th Dist. No. 97-T-0154, 1998 Ohio App. LEXIS 4535, at 6. "Without those portions of the record necessary for the resolution of assigned errors, `the reviewing court has nothing to pass upon and *** has no choice but to presume the validity of the lower court's proceedings, and affirm.'"Thrower v. Akron Dept. of Pub. Hous. Appeals (Sept. 4, 2002), 9th Dist. No. 20992, 2002 Ohio App. LEXIS 4667, at 6-7, quoting Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Thus, the failure of appellant to provide a complete record precludes us from further review. As there is no evidence of appellant presenting a constitutional issue to the common pleas court, this portion of appellant's assignment of error is not well-taken.
 {¶ 15} Appellant also contends that the board's failure to provide the common pleas court with a verbatim transcript of the hearing and a statement containing appellee's conclusions of fact required the court to hold an evidentiary hearing pursuant to R.C. 2506.03(A)(1) and (5). We agree.
 {¶ 16} In pertinent part, R.C. 2506.03(A)(1) and (5) state:
 {¶ 17} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 18} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
 {¶ 19} "***
 {¶ 20} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;
 {¶ 21} "If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."
 {¶ 22} R.C. 2506.03 makes clear that the common pleas court must consider additional evidence and allow an evidentiary hearing when one of the statute's specifically enumerated grounds of deficiency is either facially apparent or is brought to the attention of the common pleas court via affidavit filed by appellant. ATT Wireless Servs., Inc.v. Streetsboro (June 26, 1998), 11th Dist. No. 97-P-0070, 1998 Ohio App. LEXIS 2905, at 8. In general, such deficiencies are represented by instances "where the transcript of the administrative proceeding is incomplete, either because it did not contain all of the evidence which actually was presented or because the appealing party's right to be heard and to present evidence was infringed in some manner." Schoell v. Sheboy
(1973), 34 Ohio App.2d 168, 172.
 {¶ 23} The record presented to the common pleas court did not include a verbatim transcript; rather, it contained a summary of the administrative proceedings. The summary included a brief synopsis of who testified and a general statement of the testimony given. Attached to the summary were the exhibits that were submitted during the hearing.
 {¶ 24} Although the board failed to provide an actual verbatim transcript of the hearing, appellant failed to file an affidavit with the common pleas court giving notice of an alleged deficiency. Accordingly, because the summary does not demonstrate that evidence was missing or omitted from the record before the common pleas court, we cannot say that appellant was prejudiced in any way. Pacific Financial Services at 10.
 {¶ 25} However, after reviewing the record as submitted, it is clear that the board neglected to file conclusions of fact. In these cases, the record of the proceedings not only must provide the transcript, but it must also include the reasons, i.e., factual conclusions, relied upon by the board. Here, the common pleas court had no way of determining what evidence the board found to be persuasive. Even the common pleas court recognized this deficiency. However, instead of conducting a hearing as required by R.C. 2506.03, the common pleas court simply stated that "neither party has presented evidence to the court outside of the record of proceedings below."
 {¶ 26} Therefore, because the board did not file its conclusions of fact supporting its decision, the common pleas court was required to hold a hearing and consider other evidence in addition to the transcript of the proceedings before the board. Appellant's first assignment of error has merit to the limited extent indicated.
 {¶ 27} Our disposition of appellant's first assignment of error renders any analysis with respect to the second and third assignments moot. The judgment of the common pleas court is reversed, and the matter is remanded for an evidentiary hearing consistent with this opinion.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.