OPINION
{¶ 1} Petitioner, Montago M. Burgess, appeals the decision of the Lake County Court of Common Pleas denying his petition for post-conviction relief without a hearing.
 {¶ 2} On December 31, 2000, Burgess was arrested and charged with carrying a concealed weapon, a felony of the fourth degree, and having weapons while under disability, a felony of the third degree, with a firearm specification. Burgess entered a plea of not guilty on both counts. On August 28, 2001, petitioner filed a motion to suppress all physical and testimonial evidence. Burgess' motion was denied on October 1, 2001, after a September 21, 2001 hearing. The matter proceeded to a jury trial where the jury found Burgess guilty on both counts. The trial court sentenced Burgess to a term of twelve months on each count, those terms to run concurrently; the trial court further sentenced Burgess to an additional twelve month sentence for the firearm specification to be served prior to and consecutively with the other sentences.
 {¶ 3} On June 28, 2002, Burgess filed a "petition to vacate or set aside sentence." On July 29, 2002, the state filed its response. On November 7, 2002, Burgess sought leave from the court to amend his "petition to vacate or set aside sentence." The court granted Burgess' motion and, on December 11, 2002, the amended petition was submitted.
 {¶ 4} In his amended petition, Burgess argued that he was denied effective assistance of counsel and a fair trial because his counsel failed to make a timely objection at trial to the prosecutor's peremptory challenge excluding the only African-American juror on the jury venire. Relying on Batson v.Kentucky (1986), 476 U.S. 79, Burgess claimed that the prosecutor exercised a peremptory challenge in a racially discriminatory manner in violation of the Equal Protection Clause. Burgess also argued that his counsel was ineffective in not filing a motion to dismiss his case for the state's failure to bring him to trial within the statutory speedy trial time.
 {¶ 5} On March 31, 2003, Burgess filed a motion for request to rule on his postconviction petition and/or hold an evidentiary hearing. On April 1, 2003, the state filed its response to Burgess' amended petition. In its April 9, 2003 judgment entry, the lower court determined that Burgess' claims were barred by the doctrine of res judicata. Furthermore, the lower court examined the substantive merits of Burgess contentions and concluded that petitioner failed to set forth substantive grounds for relief and was therefore not entitled to a hearing.
 {¶ 6} Burgess now appeals the trial court's April 9, 2003 judgment entry and assigns one error for our review:
 {¶ 7} "The trial court erred by failing to grant appellant an evidentiary hearing on appellant's post-conviction petition."
 {¶ 8} Under this assignment of error, Burgess' argument is twofold: Burgess first argues that an evidentiary hearing is required because he set forth adequate evidence dehors the record demonstrating his trial counsel was ineffective for failing to object to the prosecution's peremptory strike of the only African-American on the jury panel. Second, Burgess claims that a hearing should have been granted because he was able to demonstrate, through evidence dehors the record, that his trial counsel were ineffective for their failure to move for a dismissal for a violation of his right to a speedy trial.
 {¶ 9} Before addressing Burgess' specific assignment of error, we must respond to his challenge to the lower court's application of the doctrine of res judicata to his claims for relief. In its judgment entry, the lower court concluded that Burgess could have raised his claims during his direct appeal and presented no substantive evidence outside the record to avoid dismissal by operation of the doctrine of res judicata.
 {¶ 10} Burgess contends that the evidence upon which he premises his claims was unavailable at the time of his direct appeal and thus could not have been raised during his direct appeal. We disagree.
 {¶ 11} The doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim as well as any other claims that could have been raised on direct appeal. State v.Jenkins (1987), 42 Ohio App.3d 97, 100. However, the presentation of competent, relevant, and material evidence de hors the record defeats the application of res judicata in a claim for post conviction relief. State v. Schlee (Dec. 31, 1998), 11th Dist. No. 97-L-121, 1998 Ohio App. LEXIS 6363, at 5. This means that the evidence dehors the record upon which a petition for postconviction relief is grounded must "meet some threshold standard of cogency." Id.[1]
 {¶ 12} Under the circumstances, the evidence of the allegedly discriminatory peremptory challenge was a viable issue on direct appeal. Evidence of any Batson violations were extant within the trial record at the time Burgess' direct appeal was taken.[2] Thus, without material evidence dehors the record, Burgess' juror discrimination claim would be barred by res judicata.
 {¶ 13} However, in his amended petition for postconviction relief, Burgess noted:
 {¶ 14} "when the prosecution used its peremptory challenge to exclude the only African-American in the venire, [Burgess' counsel] mentioned amongst each other in my presence that they should have objected to the prosecution's use of the peremptory challenge, and casually brushed it off as `Well there goes our only chance.'
 {¶ 15} Although this evidence is not within the record, Burgess fails to offer any evidence, in the form of an affidavit or other documentary evidence, which might substantiate his claim regarding the foregoing exchange between his counsel. Without more, Burgess' evidence dehors the record is merely an unverifiable, ipse dixit statement loosely connected to his ineffective assistance of counsel claim. In our view, this evidence fails to meet the threshold standard of cogency requisite to survive the application of res judicata.
 {¶ 16} Like his Batson claim, Burgess' speedy trial claim could have been raised during his direct appeal. Again, therefore, unless he can present adequate evidence dehors the record, Burgess is barred from raising the claim by operation of the doctrine of res judicata. Burgess contends that his trial counsels' failure to object or move for a dismissal on speedy trial grounds precluded raising the issue on direct appeal as the error was not preserved for direct review.
 {¶ 17} In support of his position, petitioner cites State v.Baldauf (1990), 67 Ohio App.3d 190, wherein the Third Appellate District held that an appellant could not raise his speedy trial issue on direct appeal where no objection was leveled on that issue during the proceedings in the trial court. The court therefore held that an appealing party, for the first time, may not raise the issue of the denial of a speedy trial in the court of appeals. Id.
 {¶ 18} In our view, the principle set forth in Baldauf is an instantiation of the well established principle that an error must be brought to the trial court's attention, by objection or otherwise, else it is waived for purposes of appeal. StoresRealty Co. v. Cty of Cleveland, Bd. of Bldg. Standards and Bldg.Appeals (1975), 41 Ohio St.2d 41, 43. Moreover, courts have held that an appellant who fails to timely move for a discharge on grounds of speedy trial has waived his right to a speedy trial and is estopped from raising this defense on appeal. State v.Stoutemire (Oct. 24, 1985), 8th Dist. No. 49685, 1985 Ohio App. LEXIS 9009, at 6, citing, State v. Jones (Apr. 14, 1983), 8th Dist. No. 45312, 1983 WL 5935. With this in mind, we hold that trial counsel could have objected to the speedy trial issue but their omission, i.e., the absence of their objection, is not evidence dehors the record properly raised during postconviction relief. Rather, trial counsels' failure to object waived review of the speedy trial claim absent plain error. Burgess' speedy trial claim does not present cogent evidence dehors the record sufficient to withstand the application of res judicata.
 {¶ 19} Furthermore, even were we to conclude that the trial counsels' failure to object constitutes proper evidence dehors the record and, as such, res judicata cannot operate against this claim, the evidence does not materially advance Burgess' claim that there has been a denial or infringement of his constitutional rights. See, Schlee, at 5. As we shall discuss infra, Burgess' speedy trial claim lacks substantive merit which would entitle him to relief.
 {¶ 20} Next, we address whether the trial court erred by dismissing Burgess' petition without holding a hearing. "[A] criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." State v. Calhoun (1999), 86 Ohio St.3d 279, 282. R.C. 2953.21(C) states: "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief."
 {¶ 21} In Calhoun, supra, the Supreme Court of Ohio held that a trial court should give due deference to a petitioner's affidavits sworn under oath, but may, in its sound discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. Id. at 284. The court further observed:
 {¶ 22} "* * * not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." Id.
 {¶ 23} In the current matter, Burgess neither attached affidavits nor supporting documentation to his petition. In failing to do so, Burgess relies solely on the credibility of the assertions set forth in the body of his petition. Such a practice is deleterious, if not fatal, to a petition for postconviction relief as "* * * the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v.Jackson (1980), 64 Ohio St.2d 107, at syllabus. Under the circumstances, Burgess' claims are broad, conclusory, and fail to demonstrate substantive grounds for relief. See, State v.Pankey (1981), 68 Ohio St.2d 58, 59. Therefore, Burgess has failed to present evidence to support his claim that he was entitled to a hearing.
 {¶ 24} With respect to his Batson claim Burgess asserts, without supportive evidence, that the prosecution's peremptory challenge was racially motivated and his counsels' failure to object rendered their assistance ineffective.
 {¶ 25} A claim for ineffective assistance of counsel requires a petitioner to meet the two-pronged test set forth in Stricklandv. Washington (1984), 466 U.S. 668. This test, adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, requires the petitioner to show that his trial counsel was deficient in some aspect of his representation and this deficiency prejudiced his defense. Id. at 141-142. This requires a demonstration that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. Calhoun, supra, at 289. A petitioner has the burden of proof as a properly licensed attorney is presumed competent. Id.
 {¶ 26} In Batson v. Kentucky, supra, the Supreme Court of the United States held that the use of peremptory challenges to strike African-Americans from a jury venire may raise an inference of discrimination compelling the prosecutor to set forth a racially neutral explanation for his or her actions. Id. at 97. In order to invoke judicial scrutiny, however, a defendant must establish a prima facie case of discrimination. To wit, the defendant must first show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Id. at 96. Next, the defendant is entitled to rely upon the fact that peremptory challenges constitute a jury selection practice that allows "* * * `those to discriminate who are of a mind to discriminate'." Id. Lastly, a defendant must show that these facts, along with any other relevant circumstances, raise an inference that the prosecutor used that practice to exclude the juror(s) from the petit jury due to their race. Id.
 {¶ 27} Under the circumstances, the record does not contain the transcript of the voir dire conducted in petitioner's case. The trial transcript is explicitly labeled "Excerpt Transcript of Proceedings." In his petition for post-conviction relief appellant claims: "Evidence supporting [the Batson] claim * * * should already be in possession of the courts * * *." Although this court does possess a transcript of appellant's trial, the transcript relating to voir dire was apparently not transcribed.
 {¶ 28} Pursuant to App.R. 9(B), an appealing party has a duty to "* * * order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." Under the circumstances, appellant failed to obtain a complete transcript of the necessary proceedings; this court, therefore, has no record to review with regard to appellant'sBatson challenge. Without providing a record for review, appellant cannot demonstrate his claimed error. Therefore, we have no choice but to presume the validity of the proceedings.Natural Health Foundation v. Board of Zoning Appeals, Cty ofWilloughby, 11th Dist. No. 2002-L-118, 2003-Ohio-5706, at ¶ 14. Hence, Burgess' Batson claim, even were it not barred by res judicata is without merit.
 {¶ 29} Because the record precludes our review of Burgess'Batson claim, it is unnecessary for us to engage in a thoroughStrickland analysis. Without the record of the proceedings in question, we cannot evaluate whether Burgess' counsel violated their essential duties nor can we examine whether, if such a violation existed, Burgess suffered prejudice. Burgess has failed to set forth substantive grounds for relief pursuant to R.C.2953.21(C) and, in failing to do so, failed to present adequate evidence to merit a hearing.
 {¶ 30} Next Burgess asserts that his right to a speedy trial was violated and his counsels' failure to move for a dismissal rendered their assistance ineffective.
 {¶ 31} To determine whether the state has violated a defendant's right to a speedy trial, a court weighs the length of the delay, the reasons for it, the defendant's timeliness and manner of asserting this right and whether the defendant has suffered cognizable prejudice. State v. Broughton (1991),62 Ohio St.3d 253, 256. R.C. 2945.71(C)(2) provides that a person against whom a charge of felony is pending "[s]hall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 32} Burgess argues that he was not brought to trial until two hundred seventy one days after the speedy trial time began to run. Therefore, he argues, his trial counsels' failure to move to dismiss the charges violated their duties as well as prejudiced him. We disagree.
 {¶ 33} The lower court set forth the relevant time line in its judgment entry. In his reply brief, Burgess ratifies the general dates used by the lower court to compute the time in question. However, Burgess argues that the lower court erred in its computation. Specifically, the lower court stated, in its judgment entry:
 {¶ 34} "The significant dates in this case are as follows:
 {¶ 35} "1. 12/31/00-1/06/01 Defendant arrested and incarcerated until his release on bond in case no. 01-CR-000014. (21 days)
 {¶ 36} "2. 7/13/01 Defendant indicted on case no. 01-CR-000346. (187 days)
 {¶ 37} "3. 7/19/01 Case No. 01-CR-000014 is nolled. (6 days)
 {¶ 38} "4. 8/04/01-8/10/01 Defendant arrested and incarcerated until his release on bond in case no. 01-CR-000346. (21 days)
 {¶ 39} "5. 8/28/01 — Defendant files Motion to Suppress. (18 days)
 {¶ 40} "6. 10/01/01 — Defendant's Motion to Suppress is ruled upon and Defendant files Motion to Dismiss.
 {¶ 41} "7. 10/04/01 — Defendant's trial commences.
 {¶ 42} "Up until August 28, 2001, Defendant had spent 253 days awaiting trial. This includes giving him a credit of three days for every day of incarceration. Pursuant to Broughton,
however, the period of time between the nolle prosequi of Case No. 01-CR-000014, on July 19, 2001 and Defendant's arrest on August 4, 2001, for Case No. 01-CR-000346 is not charged to the State for speedy trial purposes."
 {¶ 43} The court ultimately determined that the filing of Burgess' motion to suppress on August 28, 2001, tolled the running of time for speedy trial purposes until the day upon which the motion was ruled, i.e., October 1, 2001. Moreover, Burgess filed his motion to dismiss on October 1, 2001, which was ruled upon on the day of trial, October 4, 2001. The court concluded, therefore, that Burgess' speedy trial computation stopped at 253 days.
 {¶ 44} In response, Burgess argues that the trial court's failure to give credit for the seventeen days between July 19, 2001 and August 4, 2001 was erroneous. Since Burgess contends that he was under indictment throughout the entire period in question, he argues that those days should count towards his speedy trial time. Burgess concludes, therefore, even subtracting the time that was tolled for the proceedings on his motions to suppress and dismiss, October 4, 2001, the day of the trial, was the two hundred seventy first day.
 {¶ 45} In Broughton, supra, the Supreme Court of Ohio was asked to resolve when the speedy trial statute commenced where an initial indictment is dismissed and a second indictment is handed down by a grand jury on the same facts as the initial indictment. The court cited R.C. 2945.71(C)(2) which states that a defendant against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest. Thus, the court held that "* * * the arrest of a defendant, under a reindictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy-trial period." Id. at 260.
 {¶ 46} Pursuant to Broughton, therefore, the lower court was correct in its determination that Burgess was brought to trial within the speedy trial window of two hundred seventy days. Burgess' contention that the speedy trial time runs from the time the reindictment is issued rather than the time of arrest under the reindictment directly contradicts the Supreme Court's holding in Broughton.
 {¶ 47} It is worth noting that the lower court's calculation of appellant's speedy trial time was actually conservative. In its judgment entry, the lower court stated that appellant's speedy trial time commenced on the day of his arrest, i.e., on December 31, 2000. However, "the day of arrest does not count against the state." State v. Stamps (1998),127 Ohio App.3d 219, 223; see, also, Crim.R. 45. With this in mind, appellant's speedy trial clock began to run on January 1, 2001. Therefore, appellant was brought to trial two hundred fifty days from the commencement of the running of his speedy trial clock.[3]
 {¶ 48} Pursuant to the above analysis, Burgess' right to a speedy trial was not violated.
 {¶ 49} As we find no constitutional violations respecting Burgess' right to a speedy trial, we need not address whether Burgess' trial counsel rendered ineffective assistance. The fact that Burgess was brought to trial within the time frame allotted by R.C. 2945.71(C)(2) demonstrates that trial counsel committed no error. Without error, Burgess could suffer no prejudice. Thus, Burgess has failed to set forth substantive grounds for relief pursuant to R.C. 2953.21(C) and, in failing to do so, failed to present adequate evidence to merit a hearing.
 {¶ 50} For the foregoing reasons, petitioner's sole assignment of error is without merit. The judgment of the Lake County Court of Common Pleas is accordingly affirmed.
Ford, P.J., O'Neill, J., concur.
[1] {¶ a} In State v. Sopjack (Aug. 22, 1997), 11th Dist. No. 96-G-2004, 1997 Ohio App. LEXIS 3789, we discussed the implications of such a standard:
{¶ b} "The evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits `evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" Id. at 10, citing State v. Coleman (Mar. 17, 1993), 1st Dist. No. C-900811, 1993 Ohio App. LEXIS 1485, at 21.
[2] However, as will be discussed below, appellant failed to make the voir dire proceedings part of the record for purposes of review. By not preserving this portion of the proceedings for review, appellant waived any challenge arising from the voir dire proceedings. See, infra; see also, App.R. 9(B).
[3] The trial court awarded appellant an extra day utilizing the triple count provision of R.C. 2945.71(E); therefore, three days must be subtracted from the trial court's calculation. Subtracting three days from two hundred fifty three yields two hundred fifty days.