OPINION
{¶ 1} In these accelerated calendar appeals appellant, Abraham L. Reithmann ("Reithmann"), timely appeals the judgments of the Willoughby Municipal Court. Reithmann was charged with violating the following Eastlake Codified Ordinances: driving under the influence of liquor (DUI); carrying a concealed weapon; possession of drug paraphernalia; possession of marijuana; driving in a weaving course; and consumption of liquor in a motor vehicle.
 {¶ 2} On January 25, 2003, Officer Dave Koehnle of the Eastlake Police Department was patrolling Lakeshore Boulevard in Eastlake, Ohio. At approximately 4:00 a.m., while traveling westbound on Lakeshore, Officer Koehnle observed Reithmann driving eastbound on Lakeshore at a slow rate of speed. He estimated the vehicle was driving twenty to twenty-five m.p.h. in a posted thirty-five m.p.h. zone. He turned his patrol car around and began following the vehicle. He continued following the vehicle for approximately one and three-quarter miles. As Officer Koehnle followed the vehicle, he noted it continued to drive at the same slow rate of speed and weaved repeatedly within the designated lane. Based upon what Officer Koehnle perceived to be a violation of the Eastlake ordinance for driving in a weaving course, he stopped the vehicle.
 {¶ 3} Officer Koehnle approached the vehicle and asked the driver, later identified as Reithmann, for his license and proof of insurance. As he spoke with Reithmann, he could smell a strong odor of alcohol coming from the vehicle and noticed Reithmann had glassy, bloodshot eyes. He told Reithmann he was stopping him for slow speed and weaving course, and asked how much Reithmann had to drink. Reithmann stated he had "a couple of drinks."
 {¶ 4} Officer Koehnle asked Reithmann to exit the vehicle in order to perform field sobriety tests. After having difficulty exiting the vehicle, Reithmann was unable to perform the tests completely. Reithmann was arrested for DUI, placed in the patrol car, and transported to the Eastlake Police Station. An inventory search of the vehicle was conducted, which revealed a knife in the glove compartment of the car, an open bottle of Jack Daniels under the driver's seat, and a glass smoking pipe with suspected marijuana in the glove box. A plastic bag containing suspected marijuana was found in Reithmann's left sock during a jail search. These items were placed into evidence.
 {¶ 5} On February 25, 2003, Reithmann filed a motion to suppress, contending the arrest was unlawful as the officer lacked reasonable suspicion to stop his vehicle. A hearing on the motion was held on March 11, 2003. Testimony was provided by Officer Koehnle. On March 27, 2003, the acting judge, Dale E. Lefferts, issued a judgment entry, overruling Reithmann's motion to suppress. Reithmann subsequently withdrew his previous not guilty plea and pled no contest to the DUI and marijuana possession charges. The trial court subsequently found Reithmann guilty of possession of marijuana, in violation of Eastlake Ordinance 513.03(c)(2) in case No. 03 CRB 00339 C and driving under the influence (DUI) in case No. 03 TRC 00773 A. He was sentenced to thirty days in jail and a $100 fine. Reithmann's sentence was stayed pending appeal.
 {¶ 6} Reithmann presents a single assignment of error on appeal:
 {¶ 7} "Whether the trial court erred to the prejudice of the appellant when it overruled appellant's motion to suppress the `stop.'"
 {¶ 8} In his assignment of error Reithmann contends that the trial court erred in denying his motion to suppress as the officers lacked reasonable suspicion to make the stop. Appellee did not file a brief with this court.
 {¶ 9} Although not raised by Reithmann, we will first address the propriety of an acting judge to conduct a suppression hearing. R.C. 1901.12(B) provides for the temporary appointment of an acting judge of a municipal court. That acting judge is vested with colorable authority to rule on the case.
 {¶ 10} In the instant case, it is not contested by the parties that Dale E. Lefferts was appointed as a substitute on the court. However, the record does not contain a journal entry of appointment, or an entry demonstrating an absence or incapacity of Judge Larry Allen to conduct the suppression hearing. The record also does not demonstrate an objection to Lefferts' appointment by Reithmann.
 {¶ 11} It is well-settled that, in the absence of a challenge or objection by a party concerning the appointment of an acting judge, the issue is not "`reviewable upon an appeal from an adverse judgment rendered in the underlying action.'"[1]
Moreover, an acting judge, "by having `colorable' authority, is deemed a de facto judge with all the power and authority of a proper de jure judge."[2]
 {¶ 12} However, despite our acknowledgment that the actions by Lefferts as an acting judge are legally valid and binding, we find the better practice would be to include in the record a journalized entry, formally appointing a duly qualified acting judge as a substitute for the presiding municipal court judge.
 {¶ 13} At a suppression hearing, the trial court, as the trier of fact, is in the best position to resolve questions of fact and evaluate the credibility of witnesses.[3] A trial court's decision as to a motion to suppress will not be reversed if it is supported by competent, credible evidence.[4] When reviewing a trial court's decision on a motion to suppress, the reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence and then independently review whether the trial court applied the correct legal standard.[5]
 {¶ 14} In order to conduct an investigative stop of a motor vehicle, the police officer must have a reasonable suspicion that the motorist is engaged in criminal activity, or that the motorist is operating his vehicle in violation of the law.[6] In evaluating the propriety of the stop, the reviewing court must consider the totality of the surrounding circumstances, as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to the events as they unfold."[7]
 {¶ 15} In the instant case, Officer Koehnle testified at the suppression hearing as follows:
 {¶ 16} "Q: Why did you stop [Reithmann's vehicle]?
 {¶ 17} "A: Due to the slow speed and the weaving course.
 {¶ 18} "Q: Okay. Are those in violations [sic] of any city ordinance?
 {¶ 19} "A: Yes, they are.
 {¶ 20} "Q: What city ordinance is it and what violation?
 {¶ 21} "A: I am not sure of what the city ordinance number is but it is a slow speed violation and ordinance for a weaving course. I know the weaving course violation should be in the report."
 {¶ 22} Eastlake Codified Ordinance 331.34(c) reads:
 {¶ 23} "No person shall operate a vehicle in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with the law."
 {¶ 24} Although Reithmann was ultimately only convicted on possession of marijuana and DUI, Officer Koehnle observed his slow speed and a pattern of continual weaving. It is well-settled in Ohio that an officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle that violated the law.[8]
 {¶ 25} This court has also repeatedly held that, where a police officer witnesses a minor traffic violation, he or she is justified in initiating a limited stop for the purpose of issuing a citation.[9] The officer may then proceed to investigate the detainee for DUI "`if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts.'"[10]
 {¶ 26} In the case sub judice, Officer Koehnle observed a violation of an Eastlake ordinance prohibiting a weaving course of driving. At that point, he had a duty to initiate a stop and issue a citation. Upon commencing the stop, Officer Koehnle observed Reithmann's glassy, bloodshot eyes, the odor of alcohol emanating from the vehicle, and Reithmann's admission that he had "a couple of drinks," which created a reasonable suspicion sufficient to justify further investigation. Reithmann then failed the field sobriety tests, at which point Officer Koehnle had probable cause to make a warrantless arrest for DUI.
 {¶ 27} Thus, based on the foregoing, Reithmann's assignment of error is without merit. The judgments of the Willoughby Municipal Court are affirmed.
Christley, J., Rice, J., concur.
[1] (Citations omitted.) State v. Shearer (Sept. 30, 1994), 11th Dist. No. 93-P-0052, 1994 Ohio App. LEXIS 4439, at *3-4.
[2] Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 134.
[3] State v. Mills (1992), 62 Ohio St.3d 357, 366.
[4] State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
[5] State v. Anderson (1995), 100 Ohio App.3d 688, 691.
[6] (Citation omitted.) State v. Verhest (Dec. 15, 2000), 11th Dist. No. 2000-T-0028, 2000 Ohio App. LEXIS 5930, at *4-5.
[7] State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
[8] Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
[9] State v. Jennings (Mar. 3, 2000), 11th Dist. No. 98-T-0196, 2000 Ohio App. LEXIS 800, at *8-9 quoting, State v.Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361.
[10] Id.